GREENSTEIN & MILBAUER, LLP
DIANE BERNARD, ESQ.
1825 Park Avenue, 9th Floor
New York, NY 10035
Tel: (212) 685-8500
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
RASHAD JEFFERIES,

                            Plaintiff,

           -against-

SIGNATURE CLEANING SERVICES, INC., and
ANDREW WEISBACH,

                        Defendants.
------------------------------------------------------------------------X

Docket No.:

**DEMAND FOR
JURY TRIAL**

## **COMPLAINT**

Plaintiff Rashad Jefferies ("Plaintiff"), by his attorneys Greenstein & Milbauer, LLP, as and for his Complaint against the Defendants Signature Cleaning Services, Inc. ("Corporate Defendant"), and Andrew Weisbach ("Individual Defendant") upon knowledge to himself and upon information and belief as to all other matters as follows:

## **NATURE OF THE ACTION**

1. Plaintiff brings this action to recover unpaid overtime wages, liquidated damages, punitive damages, interest, reasonable attorneys' fees, costs and disbursements under the Fair Labor Standard Act of 1938, as amended (29 U.S.C. § 201, *et seq*.) ("FLSA"), New York Labor Law Article 19 § 653 and 663, New York Labor Law Article 6 §190 et seq. ("NYLL"), 12 New York Codes, Rules and Regulations (hereinafter referred to as "NYCRR") Part 142, and the common law of the State of New York.

2.   Plaintiff also brings this action against Defendants for their continued violation of the

Wage Theft Prevention Act, Labor Law §195(3) ("WTPA") and NYLL § 195(1), which

as of February 1, 2011 has mandated that employers, Defendants included, provide

at the time of hire, and on an annual basis, wage notices during the period of employment

of an employee which specifies, among others, the employee's wage rate, the frequency

of wage payments, the designated pay day and other information set forth in the statute.

Plaintiff seeks statutory weekly damages of either $25.00 or $50.00 as the case may be up

to a maximum of $2,500.00 or $5,000.00, as the case may be per employee.

3.   Plaintiff regularly worked in excess of forty hours per week, but was not paid at the

premium overtime rate for hours worked in excess of forty per week as required under

the FLSA and NYLL.

## JURISDICTION AND VENUE

4.   This Court has personal jurisdiction over the Corporate Defendant in that it is

incorporated in the State of New York.

5.   This Court has personal jurisdiction over the Individual Defendant in that he is a citizen

and resident of the State of New York, and/or he maintains continuous contacts with New

York and transacts a substantial amount of business in New York.

6.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331, in

that this action arises under the FLSA and 28 U.S.C. §1337 (Regulation of Commerce)

This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367,

because those claims are related to Plaintiff's federal claims and form part of the same

case or controversy.

Venue is proper pursuant to 28 U.S.C. §1391(b), because Defendants reside in New York

2

and/or the events giving rise to the claims herein occurred in New York.

**PARTIES**

7. Plaintiff RASHAD JEFFERIES is a resident of the State of New York, New York County.

8. Corporate Defendant is a domestic business corporation organized under the laws of the State of New York with an address for service of process and principal place of business located at 231 West 29th Street, New York, NY 10001.

9. Upon information and belief, Individual Defendant is a resident of the State of New York and/or conducts substantial business in the State of New York.

10. Defendants operate a commercial cleaning company, offering cleaning and maintenance services to different businesses, under the trade name "Signature Cleaning Services Inc."

11. Defendants operate "Signature Cleaning Services Inc." through Defendant SIGNATURE CLEANING SERVICES, INC.

12. Individual Defendant ANDREW WEISBACH is an owner of the Corporate Defendant. ANDREW WEISBACH exercises operational control as it relates to all employees including Plaintiff. He exercises the power to (and also delegates to managers and supervisors the power to) fire and hire employees, supervise and control employee work schedules and conditions of employment, and determine the rate and method of compensation of employees including those of Plaintiff, employees could complain to ANDREW WEISBACH directly regarding any of the terms of their employment, and ANDREW WEISBACH would have the authority to effect any changes to the quality and terms of employees' employment, including changing their schedule, compensation, or terminating or hiring such employees. ANDREW WEISBACH ensured that

employees worked effectively, and that the business was operating efficiently and profitably. ANDREW WEISBACH exercised functional control over the business and financial operations of Corporate Defendant SIGNATURE CLEANING SERVICES, INC. ANDREW WEISBACH had the power and authority to supervise and control supervisors of Plaintiff.

13. The Individual Defendant ANDREW WEISBACH is an owner, majority shareholder, officer, director, and/or manager of the Corporate Defendant, and as some of the ten largest shareholders are individually responsible for unpaid wages under the New York Business Corporation Law. (**Exhibit 1**).

14. Defendants engage in an enterprise whose annual volume of sales made or business done is not less than $500,000.00, the activities of which affect interstate commerce in that the employees of Defendants travel and move goods between states and operate vehicles manufactured outside of New York that have moved in interstate commerce, and Defendants are thus employers subject to the jurisdiction of the FLSA.

## JURY DEMAND

15. Plaintiff demands a trial by jury of all issues so triable in this action.

## FACTUAL BACKGROUND

16. Defendants own and operate a commercial cleaning company, offering cleaning and maintenance services to different businesses.

17. Plaintiff was hired as a Cleaner by Individual Defendant Weisbach on or about June 23, 2018.

18. As a Cleaner, Plaintiff was responsible for waxing floors, sanitizing, disinfecting and cleaning facilities assigned by Defendants.

*Facts Regarding Defendants' Wage and Hour Violations*

19. From January 23, 2018 until his employment ended on approximately May 18, 2020, Plaintiff regularly worked seven days per week. Specifically, Plaintiff regularly worked Monday through Friday from approximately 12:00 a.m. until approximately 8:00 a.m.

20. Plaintiff regularly worked two shifts on Saturday and Sunday. Specifically, Plaintiff regularly worked from approximately 12:00 a.m.to approximately 8:00 a.m., and then from 8:00 a.m. until approximately 4:00 p.m. on Saturday and Sunday.

21. Thus, Plaintiff regularly worked approximately 72 hours per week.

22. For his work, Plaintiff was paid $15.00 per hour, straight time, for each hour he worked.

23. Despite working well over forty hours per week throughout his employment with Defendants, Plaintiff was not paid at the premium rate for his work in excess of forty hours per week. Instead, Plaintiff was paid at his regular hourly rate for every hour he worked.

*Defendant's Failure to Pay Overtime Was Knowing And Willful*

24. Defendants as employers have certain statutory obligations towards their employees, including the requirement of paying at the higher overtime premium rate of one-and-a-half times their regular rate for each hour worked in excess of forty per week.

25. Defendants were aware of their statutory requirements, including the requirement to pay Plaintiff at the overtime premium rate for each hour worked in excess of forty per week.

26. However, Defendants knowingly failed to pay Plaintiff all of the overtime wages to which he was entitled.

27. As such, the violations of the law which are alleged herein were committed knowingly, willfully, and intentionally by Defendants.

28. At minimum, Defendants failed to take the necessary steps ascertain their duties with respect to payment of overtime wages to their employees.

29. Plaintiff was a person covered by, and/or intended to benefit from, the provisions of the FLSA, NYLL, the common law of the State of New York in respect to his work for Defendants.

**Facts Relating to the Individual Defendants as Joint Employer**

30. At all relevant times herein, the Corporate Defendant was and is controlled by Defendant Weisbach.

31. At all relevant times herein, Defendant Weisbach conducted business as the Corporate Defendant.

32. At all relevant times herein, Defendant Weisbach acted for and on behalf of the Corporate Defendant,  with the power and authority vested in him as owner, officer, agent, and employee of the Corporate Defendant, and acted in the course and scope of his duty and function as owner, agent, employee, and officer of the Corporate Defendant.

33. At all relevant times herein, the Corporate Defendant was and is controlled by Defendant Weisbach.

34. At all relevant times herein, Defendant Weisbach directly managed, handled, or was otherwise ultimately responsible for the payroll and/or payroll calculations and signing or issuing checks for Plaintiff.

35. Defendant Weisbach had control over the conditions of Plaintiff's employment, including hiring and firing, his work schedules, the rates and methods of payment of his wages, and the maintenance of his employment records.

36. At all relevant times herein, Defendant Weisbach had operational control over the

Corporate Defendant.

37. As a matter of economic reality, Defendants are joint employers of Plaintiff, and, as a result, Defendants, individually and collectively and jointly and severally, are liable for all claims made herein.

***Facts Relating to Defendants' Wage Notice and Statement Violations***

38. In accordance with the New York Labor Law §195.1, which is operative as of January, 2011, on an annual basis Defendants had to present for signature to each employee a wage notice, which had to contain the following wage rate information: (i) the basis of the employee's wage rates, e.g., by the hour, shift, day, week, salary, piece commission or otherwise; (ii) the overtime rate of pay, if the employee is subject to overtime regulations; (iii) whether the employer will claim allowances such as tips, meals, and/or lodging against the minimum wage; (iv) the employer's name and any "doing business as" names; (v) the employer's address m.J mailing address, if different; and (vi) the employer's telephone number (the "Wage Notice").

39. Plaintiff never received and never signed the Wage Notice upon hire and never received any other documents which might show the information required by NYLL §195.1 during his entire employment with Defendants.

40. Plaintiff never received Wage Statements.

41. Defendants were aware or should have been aware that this practice was in violation of New York Labor Law but continued to willfully engage in this unlawful practice.

## FIRST CLAIM FOR RELIEF
## (FLSA  Overtime Violations)

42. Plaintiff repeats and realleges each and every previous allegation as if fully

set forth herein.

43. Plaintiff is a person covered by, and/or intended to benefit from, the provisions of the FLSA in respect to his work for Defendants.

44. Pursuant to the FLSA, Plaintiff was entitled to overtime wages, all of which Defendants intentionally and willfully failed to pay in violation of such law.

45. At all relevant times, Defendants have been "employers" within the meaning of the FLSA.

46. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of 40 hours per week.

47. Plaintiff regularly worked in excess forty hours per week for Defendants but was not paid any premium rate for his work in excess of forty hours per week. Instead, Plaintiff was paid his regular hourly rate for every hour he worked.

48. At all relevant times, Defendants had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of willfully failing and refusing to pay Plaintiff at one and one half times the minimum wage for work in excess of 40 hours per week, intentionally and willfully failing to keep records required the FLSA.

49. At all relevant times, Defendants intentionally, willfully, regularly and repeatedly failed to pay Plaintiff at the required overtime rates of one and a half times the federal minimum wage for hours worked in excess of 40 hours per workweek.

50. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has sustained damages, among others, loss of earnings in an amount to be established at

trial.

51. Plaintiff seeks damages in the amount of their respective unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, punitive damages, attorneys' fees and costs, pre-judgment interest, post-judgment interest, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
## (NYLL Overtime Violations)

52. Plaintiff repeats and realleges each and every previous allegation as if fully set forth herein.

53. Plaintiff is a person covered by, and/or intended to benefit from, the provisions of the NYLL in respect to his work for Defendants.

54. Pursuant to the NYLL, Plaintiff was entitled to overtime wages, all of which Defendants intentionally and willfully failed to pay in violation of such law.

55. At all relevant times, Defendants have been "employers" within the meaning of the NYLL.

56. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of 40 hours per week.

57. Plaintiff regularly worked in excess forty hours per week for Defendants but was not paid any premium rate for his work in excess of forty hours per week. Instead, Plaintiff was paid his regular hourly rate for every hour he worked.

58. At all relevant times, Defendants had and operated under a decision, policy and plan,

and under common policies, programs, practices, procedures, protocols, routines and

rules of willfully failing and refusing to pay Plaintiff at one and one half times the

minimum wage for work in excess of 40 hours per week, intentionally and willfully

failing to keep records required the NYLL.

59. At all relevant times, Defendants intentionally, willfully, regularly and repeatedly

   failed to pay Plaintiff at the required overtime rates of one and a half times the state

   minimum wage for hours worked in excess of 40 hours per workweek.

60. As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has

   sustained damages, among others, loss of earnings in an amount to be established at

   trial.

61. Plaintiff seeks damages in the amount of their respective unpaid overtime

   compensation, liquidated damages as provided by the NYLL for overtime violations,

   punitive damages, attorneys' fees and costs, pre-judgment interest, post-judgment

   interest, and such other legal and equitable relief as this Court deems just and

   proper.

## THIRD CLAIM FOR RELIEF
### (Wage Notice Violations)

62. Plaintiff repeats and realleges each and every previous allegation as if fully

   set forth herein.

63. At all relevant times, Defendants employed Plaintiff within the meaning of the

   NYLL, §§ 2 and 651.

64. Defendants have willfully failed to supply Plaintiff notice as required by Article

6, §195, on the date of hire and February 1 of each year, in English or in the language identified by Plaintiff as his primary language, containing Plaintiff's rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; or any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

65. Plaintiff never received and never signed the Wage Notice upon hire and never received any other documents which might show the information required by NYLL §195.1 during his entire employment with Defendants.

66. Defendants willfully and intentionally refused to provide Plaintiff with the Wage Notice.

67. Due to Defendants' violations of NYLL, Plaintiff is entitled to recover from Defendants $50.00 for each workweek that the violations occurred or continued to occur, or a total of $2,500.00 each Plaintiff as provided for by NYLL, Article 6, §§ 190 et seq. as well as liquidated damages, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest.

## FOURTH CLAIM FOR RELIEF
### (Wage Statement Violations)

68. Plaintiff repeats and realleges each and every previous allegation as if fully

set forth herein.

69. Defendants have willfully failed to supply Plaintiff with an accurate statement of wages as required by NYLL, Article 6, § 195, containing Plaintiff's overtime rate or rates of pay if applicable; and an accurate count of the number of hours worked, including overtime hours worked if applicable.

70. Defendants have willfully and intentionally failed to provide Plaintiff with the required Wage Statements.

71. Upon information and belief, Defendants violations of the Wage Statement requirements are continuous.

72. Due to Defendants' violations of the NYLL, Plaintiff is entitled to recover from Defendants one hundred dollars ($100.00) for each workweek that the violations occurred or continues to occur, or a total of $2,500, as provided for by NYLL, as well as liquidated damages, reasonable attorneys' fees, costs, pre-judgment and post-judgment interest.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, respectfully request that this Court grant the following relief:

(a)      An award of compensatory damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA, NYLL, and supporting regulations;

(b)      An award of liquidated and/or punitive damages as a result of the Defendants' willful failure to pay overtime compensation pursuant to the FLSA, NYLL and supporting regulations;

(c)     Fifty dollars ($50.00) to Plaintiff for each workweek that the violations of the

wage notice provision of the NYLL, Article 6 § 195 occurred or continue to occur, or a

total of twenty-five hundred dollars ($2,500.00) to Plaintiff as provided for by NYLL

Alticle 6 § 198(1-b );

(d)     Penalties available under applicable laws;

(e)     Costs of action incurred herein, including expert fees;

(f)     Attorney's fees, including fees pursuant to 29 U.S.C. § 216, N.Y. Lab. L. § 663

and other applicable statutes.


Dated: New York, NY
         January 29, 2021



                        Diane Bernard, Esq.



               GREENSTEIN & MILBAUER, LLP
                      Attorneys for Plaintiff
                  1825 Park Avenue, 9th Floor
                      New York, NY 10035
                      Tel: (212) 685-8500
                      Fax: (212) 297-0504